UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID BEAULIEU,

Plaintiff,                                                            No. 3:15-cv-449(WIG)

       vs.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____ X

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Now before the Court is Plaintiff's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). [ECF # 19]. Plaintiff is seeking a total of $4,462.36 in fees and $26.26 in costs.[1] The Commissioner does not dispute that Plaintiff is a prevailing party, and does not dispute the hourly rates requested. The Commissioner does oppose Plaintiff's EAJA petition on two grounds: first that the position of the Commissioner was substantially justified which would preclude an award of fees, and second that the number of hours requested is unreasonable.

### Background

Plaintiff filed his complaint in this action on March 27, 2015 seeking judicial review of the Commissioner's decision denying his applications for disability insurance benefits and supplemental security income filed on March 2, 2012. While the matter was pending before the court, Plaintiff filed a subsequent application for supplemental security income. On July 2, 2015, the Social Security Administrated granted the subsequent application, finding Plaintiff disabled

---

[1] Included in this figure is compensation for the hours spent preparing the reply brief in support of the EAJA petition [ECF # 21, 22] and Motion to Amend the EAJA petition [ECF # 23, 24]. The Court address the Motion to Amend in section C of this ruling.

as of March 24, 2015 for the same impairments as claimed in the 2012 applications. The parties filed a consent motion for entry of judgment under sentence four of 42 U.S.C. § 405(g) with reversal and remand, which the Court granted on August 10, 2015. [Doc. # 17]. The basis of the remand was to reconcile the July 2, 2015 determination with the prior unfavorable decision.

## Legal Standard

The EAJA directs that courts "shall award to a prevailing party . . . fees and other expenses incurred by that party," unless the court finds that the position of the United States was substantially unjustified or that special circumstances make an award unjust. 28 U.S.C. § 2412 (d)(1)(A). "The Government bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). Such a showing requires demonstrating that the Government's "position had a reasonable basis both in law and fact." *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81-82 (2d Cir. 2009) (internal quotation marks omitted). In evaluating the Government's position, courts must look to both "the position taken by the United States in the civil action," and "the action or failure to act by the agency upon which the civil action is based." *Id.* (citing 28 U.S.C. § 2412(d)(2)(D)).

When, as here, a case has been remanded, the Commissioner must show that her position was "substantially justified as to the issue upon which this Court remanded." *Weeks v. Colvin*, No. 3:13-cv-0232 JCH, 2015 WL 1395907, at *2-3 (D. Conn. Mar. 25, 2015) *objections overruled,* No. 3:13-cv-00232 JCH, 2015 WL 3453358 (D. Conn. May 28, 2015) (citing *Lugo v. Astrue,* No. 11-cv-6028 CJS, 2012 WL 4026848, *3 (W.D.N.Y. Sept.12, 2012)). That a case is remanded "does not, in and of itself, suffice to establish that the Commissioner's position and the

ALJ's decision lacked substantial justification." *Id.*  The Court's review must encompass "both the civil action and the ALJ's decision in determining whether the Commissioner's position was substantially justified." *Id.*

Further, the party seeking an award of fees has the burden of showing that the requested fees are reasonable. *Taylor v. Astrue*, No. 3:09-cv-1791(MRK), 2011 WL 1752239, at *3 (D. Conn. May 9, 2011).  Determination of what constitutes a reasonable fee rests within the sound discretion of the district court.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986).  In *Hensley*, the Supreme Court directed the Court to "exclude from [the] initial fee calculation hours that were not 'reasonably expended.'"  *Hensley* at 434.  The Court instructed that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Id.*  "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."  *Id.* (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)) (emphasis in original).

## Discussion

### A.  Was the Commissioner's position substantially justified?

The Commissioner's argument that her position was substantially justified essentially is this: "that the agency in a subsequently filed application found Plaintiff disabled eight months after the hearing decision that is currently before the Court does not mean that the Commissioner's defense of the hearing decision (on a prior application) before the Court was not justified or reasonable."  *See* ECF # 20 (Defendant's Opposition to Plaintiff's Motion for Attorney's Fees) at 8.  This argument does not amount to much; the Commissioner asserts that

her position was justified and reasonable, but does not actually make a showing of such.  The Commissioner says nothing about the actual reasonableness of her decision to deny benefits in the pending matter, but only argues that she was "ready to proceed with the defense on the merits of this case" until being notified on the July 2, 2015 finding of disabled in the subsequent application.  *See* ECF # 20 at 9.  Such a paltry explanation does not amount to a "strong showing" that the Commissioner's position was "justified to a degree that could satisfy a reasonable person."  *Healey*, 485 F.3d at 67.  Accordingly, the Court finds that Plaintiff is entitled to an award of fees.

### B.  Is the requested number of hours reasonable?

The Commissioner next argues that because the case was remanded prior to briefing, and some of the charged hours were arguably clerical in nature, the requested hours are excessive and unreasonable. The court has the sound discretion to determine a reasonable fee, and in so doing, must exclude hours not reasonably expended.  *See Hensley*, 461 U.S. at 434.  Here, the Court agrees that in this case, where no briefing was submitted, a total of 20.1 attorney hours and 4.3 hours of law clerk / paralegal time (including preparing the reply brief in support of the EAJA petition and the amended EAJA application) is excessive.  For example, several entries are for tasks clerical in nature such as reviewing standard court orders, CMECF notices, and preparing the EAJA petition.  Time spent on clerical tasks is not compensable under the EAJA.  *J.O. v. Astrue,* No. 3:11-cv-1768(DFM), 2014 WL 1031666, at *2 (D. Conn. Mar.14, 2014) (reduction for communication with clerk's office); *Gelinas v. Colvin*, No. 3:13-cv-891 (CSH), 2014 WL 2567086, at *2 (D. Conn. June 6, 2014) (reduction for various clerical tasks); *Barrow v. Astrue*, No. 3:11-cv-00828 (VLB) (TPS), 2013 WL 2428992, at *4 (D. Conn. June 4, 2013) (noting that the preparation of an EAJA petition largely involves clerical work).  The Court finds it

appropriate to exercise its discretion in applying a reasonable percentage reduction "as a practical means of trimming fat from a fee application." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983).  Accordingly, the Court reduces the award to fees based on 13 hours of attorney time and 3 hours of paralegal / law clerk time.

### C. Should Plaintiff be awarded EAJA fees at market rates?

In his Motion to Amend the EAJA application, Plaintiff asks to be awarded attorney's fees at the market, rather than statutory, rate because the Commissioner acted in bad faith in opposing the EAJA petition.  [ECF # 23, 24].  Specifically, Plaintiff claims that the Defendant's position was meritless and taken for an improper purpose.

28 U.S.C. § 2412(b), which has come to be known as the "bad faith exception," provides that the government may be liable for fees above the statutory limits set forth in section d of the EAJA when it has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Wells v. Bowen*, 855 F.2d 37, 46 (2d Cir. 1988) (internal quotation marks omitted).  Fees under the bad faith exception are warranted "when the losing party's claims were entirely without color and made for reasons of harassment or delay or for other improper purposes." *Id.* (internal quotation marks omitted).  "The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." *Sierra Club v. U.S. Army Corps of Engineers*, 776 F.2d 383, 390 (2d Cir. 1985).

While the Court is disappointed that the parties could not come to an agreement as to fees in this fairly simple matter of voluntary remand, Plaintiff has not provided evidence sufficient to show that the Commissioner's opposition to the EAJA petition was meant to harass the plaintiff or for some improper purpose.  Accordingly, the request for an award of market rate fees is

denied. *See Bailey v. Astrue*, No. 10-cv-0865 DLI, 2013 WL 2372295, at *5 (E.D.N.Y. May 31, 2013).

## **Conclusion**

For the reasons set forth above, the Court awards fees to Plaintiff in the amount of $2894.30 plus costs of $26.26, for a total award of $2920.56.

This is not a recommended ruling. This is a ruling on attorney's fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e), and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED, this   16th   day of December, 2015, at Bridgeport, Connecticut.

   /s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge